**In re John M. GREEN, Respondent.**

**No. 14–BG–1166.**

District of Columbia Court of Appeals.

Filed July 29, 2016.

Before McLEESE, Associate Judge, and NEWMAN and BELSON, Senior Judges.

**ORDER**

PER CURIAM

In this case, the Board of Professional Responsibility determined that Mr. Green neglected his representation of a client in the District of Columbia. The Board recommended that Mr. Green be suspended from the practice of law for ninety days, with thirty days of the suspension stayed, and that he be placed on probation for one year with conditions. Disciplinary Counsel initially took exception to the Board's report and recommendation because the proposed sanction did not condition reinstatement upon a showing of fitness.

The Court of Appeals of Maryland subsequently suspended Mr. Green indefinitely from the practice of law in Maryland for conduct connected with Mr. Green's practice in Maryland. *Attorney Grievance Comm'n v. Green,* 441 Md. 351, 107 A.3d 1220 (2015) (mem.order); *Attorney Grievance Comm'n v. Green,* 441 Md. 80, 105 A.3d 500, 510–14 (2014). We stayed this case pending the outcome of reciprocal-discipline proceedings in this court. This court imposed reciprocal discipline for the Maryland conduct, indefinitely suspending Mr. Green from the practice of law in the District of Columbia and conditioning reinstatement on a showing of fitness. *In re Green,* 114 A.3d 660, 660–61 (D.C.2015) (per curiam). Disciplinary Counsel moved to lift the stay in this case and to withdraw its exception to the lack of a fitness requirement, because this court had already imposed a fitness requirement in the reciprocal-discipline matter. We granted the motion.

Mr. Green has not taken exception to the Board's report and recommendation in this case or otherwise participated in the proceedings before this court. When neither party takes exception to the report and recommendation, we give heightened deference to the Board's recommendation. *E.g., In re Boykins,* 999 A.2d 166, 173 (D.C.2010). We therefore accept the Board's recommendation that Mr. Green be suspended from the practice of law in the District of Columbia for ninety days, with thirty days of the suspension stayed, and that he be placed on probation for one year with conditions.

Because the Board issued its report and recommendation in this case before the reciprocal-discipline proceedings began, the report and recommendation does not state a view as to whether the discipline in this case should run consecutive to or concurrent with the reciprocal discipline.

Disciplinary Counsel has also not expressed a view on that topic. Generally, we have the benefit of the Board's views when determining whether to impose concurrent or consecutive discipline. *See, e.g., In re Delate,* 598 A.2d 154, 155 (D.C.1991) (per curiam) (adopting Board's recommendation of consecutive discipline); *In re Dory,* 552 A.2d 518, 519 (D.C.1989) (per curiam) (adopting Board's recommendation of concurrent discipline). We accordingly remand to the Board for a recommendation on the issue. *Cf. In re Szymkowicz,* 124 A.3d 1078, 1086 (D.C.2015) (per curiam) ("[R]ather than deciding [the] issue without the benefit of the Board's judgment, we leave the issue for the Board to consider on remand.") (internal quotation marks and alterations omitted).

*So ordered.*